| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| DURHAM COUNTY | CVS |

FILED
2019 FEB -7 P 12: 16
DURHAM CO., C.S.C.
BY _____

KAREN MOORE, )
        Plaintiff, )
        v. )    **COMPLAINT**
CAROLINA MEADOWS, INC., )
        Defendant. )

**COMES NOW**, the Plaintiff, by and through the undersigned, complaining of the Defendants, and alleges and says:

## NATURE OF THE CASE

This action is brought pursuant to the Family Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601 *et. seq.*, and the common law of the State of North Carolina. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by state law. These rights provide for damages for illegal discrimination and retaliation in the employment and subsequent termination of Plaintiff Moore. Plaintiff seeks damages, including, but not limited to, lost pay, loss of past, present, and future benefits, compensatory damages and pain and suffering as a result of the intentional and unlawful retaliation and discrimination by Defendant as more fully described below. Plaintiff also seeks punitive damages for the willful and wonton conduct of the Defendant.

1

## PARTIES AND JURISDICTION

1. Karen Moore ("Plaintiff") is, and at all times relevant to this Complaint was a citizen, and resident of Durham, Durham County, North Carolina.

2. Upon information and belief, Carolina Meadows, Inc. ("Defendant") is a domestic corporation that is registered to do business in North Carolina and is currently doing business within the confines of the state. Defendant's listed principal office is located in Chapel Hill, Orange County, North Carolina.

3. This Court has jurisdiction over the subject matter of this action under the common law of North Carolina and pursuant to the judicial power vested in the General Court of Justice by N.C.G.S. §§ 7A-3, 7A-240, and 7A-243.

4. As to the claims grounded in federal law, this Court may exercise pendent jurisdiction over the same.

5. Defendant is an employer who regularly employs more than fifty (50) persons during twenty (20) or more workweeks in the current or previous calendar year.

6. Venue is proper pursuant to N.C.G.S.§ 1-77 and 1-79, as Durham County is the county in which Plaintiff resides.

## FACTUAL ALLEGATIONS

7. The allegations of Paragraphs 1-6 of this Complaint are re-alleged and incorporated by reference.

8. On or about April 23, 2014, Plaintiff began working for Defendant as a Certified Nursing Assistant.

9. Plaintiff had performed her job satisfactorily prior to her termination and was, at all times, qualified for her position.

2

10. On or about November 28, 2017, Plaintiff filed a request for leave pursuant to the Family Medical Leave Act because her son was undergoing major surgery.

11. At the time Plaintiff filed her request she was an eligible employee, her employer was covered by the Family Medical Leave Act statute and she was entitled to leave under the FMLA.

12. On or about December 8, 2017, Plaintiff's request for FMLA was approved by Defendant.

13. Plaintiff's FMLA leave was to begin December 26, 2017.

14. Prior to approval of Plaintiff's FMLA leave her nurse supervisor, Lauren Workman ("Workman"), stated that no employees could take leave during the week of Christmas due to short staffing.

15. On or about December 14, 2017, Plaintiff suffered a fall in her home prior to reporting to work.

16. As a result of the aforementioned fall, Plaintiff sustained an injury to her upper thigh resulting in bruising.

17. Despite significant bruising and being unable to walk without a limp, Plaintiff reported to work as scheduled.

18. During her shift Plaintiff's administrator, Adele McDowell ("McDowell"), inquired about Plaintiff's limp.

19. Plaintiff explained she had sustained a fall at home prior to her shift, and at McDowell's request showed her the bruise.

20. On or about December 14, 2017, at approximately 3:00 pm Plaintiff reported to a staff meeting led by Workman. The subject matter of the meeting was the impending Christmas Party.

21. While leading the meeting, Workman commented that Plaintiff did not seem happy.

22. At approximately 4:15 pm, the meeting concluded. Plaintiff returned to the meeting room to get a refreshment when Plaintiff's co-worker, Samantha Smith ("Smith"), inquired about Plaintiff's bruise.

23. Plaintiff pulled down her pants on one side and showed Smith the bruise. This was performed in the same manner that had been previously been performed for McDowell.

24. At the time Plaintiff was showing Smith her bruise, Workman was also present in the room.

25. At no time was Plaintiff's underwear pulled down, or her genitalia exposed.

26. At no time did Plaintiff's supervisor ask Plaintiff to pull up her pants.

27. At approximately 4:45 pm, McDowell and a shift supervisor escorted Plaintiff out of the building. However, Plaintiff's employment was not terminated at this time.

28. Upon arriving at home, Plaintiff called McDowell to inquire if she could attend the Christmas party to receive her bonus check.

29. McDowell intentionally told Plaintiff to arrive at 2:30 pm to pick up her bonus check so she would be unable to attend the Christmas party.

30. On or about December 15, 2017, Plaintiff arrived at work with gifts to give to co-workers and was promptly asked to leave by McDowell.

31. McDowell told Plaintiff not to return to work until a decision was made regarding her employment.

32. On or about December 19, 2017, McDowell and Jina Williams HR Generalist, contacted Plaintiff by telephone and informed her that her employment with Defendant was being terminated.

33. During the aforementioned phone call, McDowell apologized and wished Plaintiff's son well on his surgery. Plaintiff had never mentioned her son's surgery to McDowell.

34. On or about December 19, 2017, Plaintiff's employment was terminated by Defendant.

35. Defendant's stated reason for termination was Plaintiff violated the Defendant's sexual harassment policy. This proffered reason was purely pretextual in nature.

36. Upon information and belief, Workman made false representations to management to induce management to terminate Plaintiff's employment because Plaintiff was getting ready to start FMLA leave.

## CLAIMS FOR RELIEF

## COUNT I

### (Wrongful Termination)

37. The allegations contained in Paragraphs 1-36 of this Complaint are re-alleged and incorporated herein by reference.

38. That Defendant's termination of Plaintiff's employment was wrongful and discriminatory, wherein Plaintiff was retaliated against and subsequently terminated after availing herself of the Family Medical Leave Act.

39. Plaintiff's termination was wrongful and in violation of the State's public policy.

40. As a direct, proximate and foreseeable result of having been the victim of the discriminatory and otherwise illegal conduct that the Defendants have directed toward Plaintiff, she has been damaged. She has lost, and may continue to lose, substantial

wages, with a resulting loss of future earnings and enjoyment of life due to the termination of her employment. She has also suffered, and is continuing to suffer, severe emotional distress, and mental anguish.

41. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover compensatory damages from Defendants in an amount greater than Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

42. Furthermore, since Defendant engaged in the aforesaid conduct with willful, wanton, and reckless disregard for the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be determined by the trier of fact.

### COUNT II
**(Violation of the Family Medical Leave Act)**

43. The allegations of Paragraphs 1-42 of this Complaint are re-alleged and incorporated by reference.

44. On or about November 28, 2017, Plaintiff filed a request for leave pursuant to the Family Medical Leave Act.

45. At the time Plaintiff filed her request she was an eligible employee and was entitled to leave under the FMLA.

46. Defendant was employer was covered by the Family Medical Leave Act statute.

47. Defendant did in fact approve Plaintiff's request.

48. As a result of availing herself of the Family Medical Leave Act, Plaintiff's supervisor took adverse action against her and terminated her employment.

49. That as a direct and proximate result of Defendant's intentional violation of the Act, the Plaintiff has been damaged and is entitled to recover all damages available for such violations of the Act, including the willful violation of the Act, as is set out in 29 U.S.C § 2615 *et seq.*

50. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover compensatory damages from Defendants in an amount greater than Twenty-Five Thousand Dollars ($25,000.00).

51. Furthermore, since Defendant engaged in the aforesaid conduct with willful, wanton, and reckless disregard for the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be determined by the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that:

1. As to Count I of this Complaint, Plaintiff have and recover of the Defendant compensatory and punitive damages in an amount in excess of Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

2. As to Count II of this Complaint, Plaintiff have and recover of the Defendants Compensatory and Punitive damages in an amount in excess of Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

3. As to all appropriate Counts of this Complaint, Plaintiff have and recover reasonable attorneys' fees from the Defendant.

4. As to all appropriate Counts of this Complaint, Plaintiff be awarded pre-judgment and post-judgment interest.

5. That the costs of this action be taxed against the Defendant.

6. That this case have a **Trial By Jury** on all issues so triable.

7. For such other and further relief as to the Court may seem just and proper.

This the 6th day of February, 2019.

HAIRSTON LANE, P.A.

_____
Donald G. Huggins, Jr.
N.C. Bar No: 47819
James E. Hairston, Jr.
N.C. Bar No: 19687
*Attorneys for Plaintiff*
434 Fayetteville Street, Suite 2350
Raleigh, North Carolina 27601
(919) 838-5295 Telephone
(888) 510-1160 Facsimile
